UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CODY HANER #508463,

       Plaintiff,                                         Hon. Robert J. Jonker

v.                                                         Case No. 1:23-cv-1001

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before me on a Motion for Summary Judgment on the Basis of Exhaustion filed by remaining Defendants Corrections Officer (CO) Rick Copeland, Resident Unit Manager Kurt Blair, and CO Heather Heeke (formerly Stott). (ECF No. 15.) Plaintiff has failed to respond to Defendants' motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c).[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court grant the motion and dismiss Plaintiff's federal claims against Defendants Copeland, Blair, and Heeke **without prejudice** for lack of exhaustion. I further recommend that the Court dismiss Plaintiff's state-law claims against these Defendants **without prejudice** pursuant to 28 U.S.C. § 1367(c)(3).

Plaintiff, a prisoner currently incarcerated with the Michigan Department of Corrections (MDOC) at the Macomb Correctional Facility, filed a complaint against several MDOC employees

---

[1] Although Plaintiff is proceeding pro se, he is still expected to comply with the applicable court rules. *See Strohmeyer v. Chase Bank USA, N.A.*, No. 3:17-cv-443, 2018 WL 2669991, at *2 (E.D. Tenn. June 4, 2018) ("It is correct that pro se parties are expected to comply with the rules of procedure just as parties represented by counsel must do."); *Jones v. Graley,* No. 2:05-cv-773, 2006 WL 1697637, at *1 (S.D. Ohio June 20, 2006) (although federal courts have treated pro se litigants more leniently, they "are still expected to comply with the procedural rules of the court").

on September 20, 2023, alleging claims pursuant to 42 U.S.C. § 1983 based on events that occurred at Carson City Correctional Facility (DRF) while Plaintiff was housed there in January 2023. Following the Court's initial review pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c), Plaintiff's remaining Section 1983 claims are his individual capacity Eighth Amendment conditions-of-confinement claims against Defendants Copeland, Blair, and Heeke. (ECF No. 9 at PageID.83–84; ECF No. 10.)

Plaintiff alleges that on January 2, 2023, he told MDOC staff that he needed to be placed into protective custody. (ECF No. 1 at PageID.6.) Pursuant to policy, the unit officer had Plaintiff moved to segregation. Plaintiff alleges that although he should have been placed into a protective custody cell, Defendant Copeland instead placed him in a segregation cage that had no running water. Plaintiff alleges that Copeland ordered him to strip to his shorts and a t-shirt and ordered him to lay on the bare floor. (*Id.*) He also claims that the cage "was covered with chemical irritant," apparently from a prior occupant. (*Id.* at PageID.9.) He claims that he was not allowed to shower to wash off the chemical irritant, as other prisoners who were brought to the cages were allowed to do. (*Id.*) Plaintiff further alleges that the chemical irritant made it difficult for him to breathe and caused a painful, burning sensation on areas of his skin. (*Id.*)

Plaintiff alleges that Defendant Copeland ordered him to provide a "urine drop" even though there was no basis to believe that he had used a controlled substance. (*Id.*) Plaintiff alleges that although he told Copeland that he was unable to provide a sample, Copeland forcibly instructed him to provide one. Plaintiff claims that he was forced to drink nine cups of water but was only permitted to use the bathroom twice during a 17-hour period. (*Id.* at PageID.6–7, 9.) Thus, he was forced to urinate on the floor of the cage, where he had to lay down for the night. (*Id.* at PageID.9.)

Plaintiff also alleges that Defendant Copeland denied his request for "proper bedding," and gave him only a blanket, which was below acceptable standards of MDOC policy for proper bedding. (*Id.* at PageID.7.) Plaintiff was thus forced to sleep on the hard floor without proper bedding. (*Id.*)

At some point, while Plaintiff was in the cage, Defendant Blair threatened to spray Plaintiff with chemical spray and refused Plaintiff's request for "proper bedding." (*Id.* at PageID.8.) Plaintiff alleges that when Defendant Heeke was making her rounds, she approached Plaintiff and stated, "There's the little bitch Haner on the floor." (*Id.*) Plaintiff alleges that Defendant Heeke was deliberately indifferent to the abusive treatment he was experiencing. (*Id.*)

Defendants Copeland, Blair, and Heeke move for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). In addition, because failure to exhaust is an affirmative defense upon which a defendant bears the burden of proof, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), the Court must ensure that "no reasonable trier of fact could find other than for [Defendants]." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Jones*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim

3

to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones*, 549 U.S. at 218. A prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019). This process must be completed at all levels prior to filing an action in federal court. *Freeman v Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

In support of their motion, Defendants attach a Step III Grievance Report for Plaintiff dated December 5, 2023, which shows the grievances arising out of DRF that Plaintiff exhausted through Step III based on events that occurred in January 2023. (ECF No. 16-3.) The Step III report shows that Plaintiff pursued only one grievance through Step III pertaining to events in January 2023, Grievance DRF-23-01-0072-28b (the 0072 Grievance). (*Id.* at PageID.127.) In the 0072 Grievance, Plaintiff complained about being placed in a segregation cage on January 2, 2023, as follows:

> On 1-2-23 I was brought to segregation and placed in the cages to be stripped and drug tested. After I was stripped the officers left me in the cage over night; I was given 1 blanket at approximately 2:30 am/3 am. I was forced to sleep on the bare floor until I was removed from the cages on 1-3-23 at approximately 12:30 to 1 p.m. This is cruel and unusual punishment.

(*Id.* at PageID.131.) The respondent rejected the grievance as vague. (*Id.*) Plaintiff appealed to Step II, which was also rejected. The Step II response cited Policy Directive 03.02.130 ¶ J(1) (grievance shall be rejected if it is vague) and ¶ S (requiring the prisoner to include the names of all those involved in the issue being grieved). (*Id.* at PageID.130.) Plaintiff filed a Step III appeal, which upheld the rejection. (*Id.* at PageID.128.)

Defendants contend that Plaintiff failed to properly exhaust his claims against them for two reasons. First, they argue that Plaintiff not only failed to name them in his Step I grievance, but he

4

also failed to make specific allegations regarding each Defendant's conduct. This is a proper basis for granting summary judgment. "Under the [MDOC's] procedural rules, inmates must include the . . . 'names of all those involved in the issue being grieved' in their initial grievance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010); *Favors v. Leach*, No. 2:16-cv-33, 2019 WL 2261119, at *5 (W.D. Mich. Jan. 17, 2019), *report and recommendation adopted*, 2019 WL 1397086 (W.D. Mich. Mar. 28, 2019) ("Because Plaintiff failed to name any Defendants in these grievances, these grievances cannot be used to exhaust his claims against Defendants."); *Riddle v. Napel*, No. 2:13-cv-152, 2015 WL 4093918, at *6 (W.D. Mich. June 8, 2015), *report and recommendation adopted*, 2015 WL 4093901 (W.D. Mich. July 7, 2015) ("Defendants correctly note that Grievance MBP–12–01–0002–08z does not satisfy the exhaustion requirement because Plaintiff Riddle failed to name any Defendants at step I."). Moreover, Plaintiff failed to include most of his complaint's allegations of unconstitutional conduct (denial of a shower, denial of bathroom usage, etc.) in his grievance. *See Vandiver v. Martin*, 48 F. App'x 517, 519 (6th Cir. 2002) ("The issues [a plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance."). Thus, the 0072 Grievance did not exhaust any claim against Defendants.

Defendants further contend that the 0072 Grievance failed to exhaust any claim because it was rejected as vague at all three steps of the grievance process. This is also a proper basis for finding lack of exhaustion. Because the MDOC may properly reject a grievance as "vague," and the rejection on this ground was arguably correct, Plaintiff failed to properly exhaust this claim against Defendants. *See Vandiver v. Correctional Med. Servs., Inc.*, 326 F. App'x 885, 891 n.3 (6th Cir. 2009) (holding that a grievance rejected as vague did not satisfy the exhaustion requirement).

Defendants have thus demonstrated that Plaintiff failed properly to exhaust his conditions-of-confinement claims against them. Therefore, I recommend that these claims be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, I recommend that Defendants' motion for summary judgment (ECF No. 15) be **granted** and that Plaintiff's federal claims against them be **dismissed without prejudice**. I further recommend that the Court dismiss Plaintiff's state-law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3) because all federal claims will have been dismissed from this action.

Dated: August 12, 2024                                /s/ Sally J. Berens
                                                     SALLY J. BERENS
                                                     U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).